U.S. Equal Employment Opportunity Commission
Philadelphia District Office
801 Market Street
Penthouse, Suite 1300
Philadelphia, Pennsylvania 19107-3127
(215) 440-2684
ISF-9222
Iris Santiago-Flores
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) | |
| Plaintiff, | ) ) | Civil Action No. |
| v. | ) ) | |
| | ) ) | **COMPLAINT** |
| SHELBY CAST STONE, L.L.C., | ) ) | |
| Defendant. | ) ) | Jury Trial Demand |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act (the "ADEA") to correct unlawful employment practices on the basis of age and to provide appropriate relief to Howard Tatem and a class of similarly-situated individuals based on their ages. As alleged with greater particularity in paragraphs 8-11 below, Defendant Employer discriminated against Mr. Tatem and a class of employees, based on their age (over 40), by subjecting them to a hostile work environment, by discharging them and/or selecting them for layoff, and failing to return them to work, in violation of the ADEA. Further, Defendant failed to display the anti-discrimination Notice as required by the ADEA. As a result of Defendant's unlawful actions, Mr. Tatem and the class members suffered lost wages, liquidated damages, and frontpay damages.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337,

1343 and 1345. This action is authorized and instituted pursuant to §7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §626(b) (the "ADEA"), which incorporates by reference section 16(c) of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §216(c).

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the District of New Jersey.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of the ADEA and is expressly authorized to bring this action by section 7(b) of the ADEA, 29 U.S.C. §626(b), as amended by section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

4. At all relevant times, Defendant Shelby Cast Stone, L.L.C. (the "Employer"), has continuously been a company doing business in the State of New Jersey, the County of Burlington, and the Town of Shamong, and has continuously had at least twenty (20) employees.

5. At all relevant times, Defendant Shelby Cast Stone, L.L.C. has continuously been an employer within the meaning of section 11(b) of the ADEA, 29 U.S.C. §630(b).

## CONCILIATION

6. Prior to the institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with the ADEA through informal methods of conciliation, conference and persuasion within the meaning of section 7(b) of the ADEA, 29 U.S.C. §626(b).

## STATEMENT OF CLAIMS

7.      Since at least August, 2005, Defendant Employer, Shelby Cast Stone, L.L.C., engaged in unlawful employment practices at its Shamong, New Jersey facility, in violation of section 4(a)(1) of the ADEA, 29 U.S.C. §623(a)(1), by terminating and/or failing to return Mr. Tatem to work because of his age, 53.

A.      Howard Tatem was employed by Defendant Employer since June 2001. He remained employed until August of 2005, when he was terminated by Defendant Employer. During that period, he held the position of Crew Leader of the Finishers in the warehouse department. His hourly rate of pay was $14.00 per hour. At all relevant times, Mr. Tatem's performance was satisfactory.

B.      On August 15, 2005, Mr. Tatem was voluntarily placed on a leave of absence due to a serious medical condition. On October 26, 2005, Mr. Tatem was medically released to return to work by his treating physician after having undergone open heart surgery. During this interim period, Mr. Tatem provided regular updates on his condition to Defendant Employer.

C.      Defendant Employer never indicated to Mr. Tatem that his performance was unsatisfactory or that his employment status was ever in jeopardy.

D.      On the morning of October 28, 2005, Mr. Tatem reported to work after having received his medical release to return to the job. Defendant Employer's Plant Manager Luis Rodriguez, age 27, advised Mr. Tatem that he could not be returned to his former Finisher's job because he "had nothing but young guys back there" and claimed Mr. Tatem was unable to perform the requirements of a Packer position.

E.      In response, Mr. Tatem requested to perform any other work available, such as that of a Trimmer in order to remain employed. This request was rejected by Mr. Rodriguez.

Accordingly, Defendant terminated Mr. Tatem's employment on October 28, 2005.

F. By letter dated October 19, 2005 from Defendant Employer, Mr. Tatem was informed that his health insurance had been terminated effective September 20, 2005, more than a month before his employment was terminated.

G. Plant Manager Louis Rodriguez and Supervisor Elisio Ramos publicly stated that Mr. Tatem would not be returned to work because he was "too old to do the job."

8. Since at least August, 2005, Defendant Employer, Shelby Cast Stone, L.L.C., engaged in unlawful employment practices at its Shamong, New Jersey facility, in violation of section 4(a)(1) of the ADEA, 29 U.S.C. §623(a)(1), by terminating and/or selecting a class of employees for layoff, and failing to return them to work based on their ages (over 40).

A. Defendant Employer sought to retain and/or newly hire significantly younger individuals, with minimal to no experience, at a time when it selected its older employees for layoff allegedly due to "lack of work."

B. Employees in the protected age group were terminated with no expectation to be returned to work. None were terminated due to poor performance issues or concerns.

C. Moreover, employees in the protected age group were required to train unskilled younger new hires for the jobs they performed, while being deprived of cross-training which would have allowed them to avoid being selected for layoff by Defendant Employer.

D. Defendant Employer, through Plant Manager Louis Rodriguez and Supervisor Elisio Ramos publicly stated that the company wanted to "get rid of the old guys because we need young men working here."

9. Since at least August, 2005, Defendant Employer, Shelby Cast Stone, L.L.C., engaged in unlawful employment practices at its Shamong, New Jersey facility, in violation of

section 4(a)(1) of the ADEA, 29 U.S.C. §623(a)(1), by subjecting a class of employees in the protected age group to age-based harassment.

A. Plant Manager Louis Rodriguez and Supervisor Elisio Ramos regularly and continuously made derogatory age-based comments regarding employees in the protected age group, stating that they were "too old" to do the work, "we can't use you anymore…you're too old," "this is no old man's game" and other similar comments, in violation of the ADEA.

B. In addition, Plant Manager Louis Rodriguez and Supervisor Elisio Ramos regularly subjected employees in the protected age group to heightened scrutiny of their work because of their age, over 40.

C. Further, Plant Manager Louis Rodriguez and Supervisor Elisio Ramos regularly subjected employees in the protected age group to intimidation and hostility due to their age, over 40.

10. Since at least August 2005, Defendant Employer has failed, in violation of Section 8 of the ADEA, 29 U.S.C. §627, to post and keep posted notices prepared or approved by the Commission setting forth information regarding the ADEA.

11. The effect of the practices complained of in paragraphs 7-10 above has been to deprive Mr. Tatem and a class of similarly-situated individuals in the protected age group of equal employment opportunities and otherwise adversely affect their status as employees because of their age (over 40).

12. The unlawful employment practices complained of in paragraphs 7-10, were willful within the meaning of section 7(b) of the ADEA, 29 U.S.C. §626(b).

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from harassment, termination, or failure to recall employees and any other employment practice which discriminates on the basis of age against individuals 40 years of age and older.

B. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals who are 40 years of age and older, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against discrimination and harassment.

D. Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and anti-harassment; and requiring all managers and supervisors to report any incidents and/or complaints of harassment of which they become aware to the department charged with handling such complaints.

E. Grant a judgment requiring Defendant Employer to pay appropriate back wages in an amount to be determined at trial, and an equal sum as liquidated damages, and prejudgment interest in lieu thereof to individuals whose wages are being unlawfully withheld as the result of the acts complained of above, including, but not limited to Mr. Tatem and the class members in this case.

F. Order Defendant Employer to make whole Mr. Tatem and the class members as a result of the acts complained of above, by restraining the continued withholding of amounts

owing as back wages with prejudgment interest, in amounts to be determined at trial.

  G. Order Defendant Employer to make whole Mr. Tatem and the class members by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to the reinstatement of Mr. Tatem to his former position and/or a comparable position.

  H. Grant such further relief as the Court deems necessary and proper in the public interest.

  I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
PHILADELPHIA DISTRICT OFFICE

*[signature]*
JACQUELINE H. MCNAIR
Regional Attorney

*[signature]*
JUDITH A. O'BOYLE
Supervisory Trial Attorney

*[signature]*
IRIS SANTIAGO-FLORES
Senior Trial Attorney

U.S. EEOC, Philadelphia District Office
801 Market Street
Penthouse, Suite 1300
Philadelphia, PA 19107-3127
(215) 440-2684(direct)
(215) 440-2828(fax)
Iris.Santiago-Flores@eeoc.gov